UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST GODFREY LOGAN, JR.,

       Plaintiff,

   v.

CITIBANK,

       Defendant.

No. 2:26-cv-01542-DC-AC

ORDER

Plaintiff, who is proceeding in pro se, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claims arose in Riverside County, California, which is in the Northern District of California. ECF No. 1 at 1, 7. The plaintiff is from Los Angeles, California. ECF No. 1 at 1. Both counties involved are located within the Central District of California. Therefore,

plaintiff's case should have been filed in the United States District Court for the Northern District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

The court notes that plaintiff has repeatedly filed cases in this district (the Eastern District of California) that belong in the Central District of California.  These cases must be reviewed and transferred immediately after filing, creating a significant administrative burden on the court.  See, e.g., Logan v. Mobile Gas Station, 2:25-cv-1906-DJC-SCR; Logan v. Comm'r of Social Security, 2:25-cv-2256-AC; Logan v. ACE Cash Express, 2:25-cv-2260-TLN-SCR; Logan v. Metro Transit Assoc., 2:25-cv-2551-DAD-SCR; Logan v. Panda Express, 2:25-cv-2565-DAD-CKD.  This non-exhaustive list is a mere sampling of cases that have had to be immediately transferred to the Central District.  At this point, plaintiff is well aware that he is filing in the improper venue.

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.  Further, plaintiff is ORDERED to stop improperly filing cases in the Eastern District of California.

DATED: April 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2